IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
|  ) | |
| Plaintiff, ) | |
|  ) | |
| v. ) | Case No.: 1:22-cr-10039-JDB-jay |
|  ) | |
| EUCLIDE (NMN) AQUINO URRACA, ) | |
| and LUIS MENIER-DELOSSANTOS ) | |
|  ) | |
| Defendants. ) | |

ORDER DENYING DEFENDANT'S PRO SE MOTIONS

On December 21, 2022, Defendant Luis Menier-Delossantos, acting *pro se*, mailed the Court four motions titled: "Motion for Severance of Defendants for Prejudice," "Motion for Severance of Defendants for Inadmissible Hearsay Statement of Co-Defendant," "Motion for Order Authorizing Agreed Polygraph Examination at Expense of State/Federal," and "Motion to Suppress Evidence (Search & Seizure)." (Docket Entries ("D.E.") 33, 34, 35, 36.) The docket, and each motion, reflects that Defendant is represented by counsel.

Title 28 U.S.C. § 1654 permits parties in the federal courts to "plead and conduct their own cases personally or by counsel[.]" The Sixth Circuit has "interpreted this provision as allowing a litigant to represent himself pro se or to obtain representation—but not both." *United States v. Rohner*, 634 F. App'x 495, 505 (6th Cir. 2015). That is, "[t]he right to defend *pro se* and the right to counsel have been aptly described as two faces of the same coin, in that waiver of one constitutes a correlative assertion of the other." *Miller v. United States*, 561 F. App'x 485, 488 (6th Cir. 2014) (quoting *United States v. Mosley*, 810 F.2d 93, 97 (6th Cir. 1987)). Furthermore, criminal

defendants have no constitutional right to so-called "hybrid representation." *Cassano v. Shoop*, 1 F.4th 458, 471 (6th Cir. 2021) (quoting *United States v. Cromer*, 389 F.3d 662, 681 n.12 (6th Cir. 2004)), *cert. denied*, 142 S. Ct. 2051 (2022).  Thus, courts generally will not consider a defendant's *pro se* motions when he is represented by counsel.  *United States v. Small*, 988 F.3d 241, 256 (6th Cir. 2021).

Therefore, by invoking his right to be represented by counsel, Menier-Delossantos has waived his right to represent himself.  Consequently, the *pro se* motions, which appear to have been prepared and sent to the Court without the aid of or adoption by his attorney,[1] will be DENIED.

IT IS SO ORDERED this 29th day of December 2022.

                                               s/ J. DANIEL BREEN
                                               UNITED STATES DISTRICT JUDGE

---

[1] Each of the four motions copies Jennifer Free, whose name appears on the docket as Defendant's counsel.  In his "Motion for Order authorizing Agreed Polygraph Examination at Expense of State/Federal," Defendant addresses Ms. Free writing "I will be awaiting your lawyer/client communication with me concerning these issues that are to be considered in my best interest as your client."  (D.E. 35 at PageID 50.)